TERRRELL, Justice.
In 1945 the First Pentecostal Holiness Church of Tallahassee acquired~ title to "Lots No. 1 and 2 of Block 16 of Meridian Heights Subdivision as per map oi plat of said Meridian Heig~hts Subdivision app ing in Plat Book No. 1, page'6'of the lic' records of Leon `COunty, Florida," to be used for erecting a church and parsonage. The said deed of conveyance vested title in three trustees and, as required by the Discipline and laws of said church, contained the following trust clause: "This property is for use and benefit of the ministry and membership of the Pentecostal Holiness Church.
In 1953 diss~nsions arose a~ida majo.~ity membership. p~ sai4 church voted to withdraw from the Annual Conference and incorporated thrmselves into another religious organization or denomination known as The Full Gos[el Temple, which declared itself to be an independent church. By majority vote the trustees of the First Pentecostal Holiness Church of Tallahassee were directed to convey the trust property to The Full Gos[el Temple which was done. A majority of the First Pentecostal Holiness Church later withdrew their membership *590 from the parent church and joined The Full Gospel Temple, but a minority refused to withdraw and remained faithful to the mother church.
This suit was brought by the new pastor and board of trustees of the First Pentecostal Holiness Church who were elected to succeed the seceding trustees of said church against The Full Gospel Temple to set aside the deed of conveyance to The Full Gospel Temple - heretofore described and secure possession of the property. Three members . of the First Pentecostal Holiness Church who refused to withdraw therefrom were permitted to intervene for the purpose of representing those in like situation. Answers were filed and on'the issues made much testimony was taken.
At final hearing the master found that the Pentecostal Holiness Church was congregational in government; that each church was an autonomous unit; that it could govern its own affairs by majority vote; that it was not subject to regulation of the parent organization and was authorized to convey the property in question. The chancellor rejected the special master’s finding.and held that the First Pentecostal Holiness Church of Tallahassee was a member of the Pentecostal Holiness Church and was bound by its law and discipline; that even though certain of its members could exercise their right to withdraw from the parent church at .any time and even though a majority of them did withdraw, they have no right to carry with them the property of the parent church. The chancellor further held that there being no considera-tidri • for th¿ deéd from the First Pentecostal Holiness Church to The Full Gospel Temple and that such conveyance being in violation of the trust by which it was acquired, the said deed to The Full Gospel Temple was null and void. We are confronted with an appeal from this' final decree.
 Much is said in the briefs about the polity Of Pentecostal Holiness Church, whether it is • episcopal or' congregational in'forth,'but we do' not think this point has any material bearing on the main question and do not' discuss it. The only question we are concerned with at this time is the validity vel non of the deed of conveyance executed by those who withdrew from the First Pentecostal Holiness Church of Tallahassee to The Full Gospel Temple.
In the execution of said deed appellants proceeded on the theory that they, being a majority of the parent church when they withdrew, carried the organization and the property of the church with them but, as the chancellor pointed out in his opinion and final decree, such is not the law. The First Pentecostal Holiness Church of Tallahassee is a component part of the Pentecostal Holiness Church and has been in existence for more than thirty years. Title to the property in question was deeded to the trustees in trust for the “benefit of the ministry and membership of the Pentecostal Holiness Church” and under the law and discipline of said church it vested for that purpose. So long as used for the purpose of the trust, there was no authority to convey it.
When appellants withdrew from the parent church and organized themselves into The Full Gospel Temple, they carried nothing but their membership with them; the parent church retained title to the properties. In this case there was no consideration for-the deed to The Full Gospel Temple, neither is there any theory whatever under the law by which appellants could withdraw from the parent church and carry its estate with them. The question is concluded contrary to the contention of appellants in First Bom Church of the Living God v. The First Born Church of the Living God, 156 Fla. 78, 22 So.2d 452. See also Montgomery v. Carlton, 99 Fla. 152, 126 So. 135.
The final decree of the chancellor is accordingly affirmed.
Affirmed.
DREW, C. J„ THOMAS, J., and ALLEN, Associate Justice, concur.